# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2303 | **DATE** | 4/7/2011 |
| **CASE TITLE** | Tyson v. Chicago Police Dept., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's complaint is dismissed without prejudice. Plaintiff is given until May 6, 2011 to file an amended complaint. If he does not do so by then, the case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff has filed the instant *pro se* lawsuit against the Chicago Transit Authority and the Chicago Police Department. He seeks leave to proceed *in forma pauperis* and requests appointment of counsel.

In order to decide whether to grant an *in forma pauperis* petition, the Court must decide: (1) whether the litigant is unable to pay the costs of bringing suit; and (2) whether the suit is frivolous or malicious. 28 U.S.C. §§ 1915(a), (e)(2). The Court has reviewed Plaintiff's complaint and finds that it does not state a claim for which relief can be granted.

Plaintiff alleges that on Feb. 3, 2010, the Chicago Police Department arrested him without a warrant and brought charges under "720 ILCS 5.0/16-3-A" based on a complaint by the transit authority. Although Plaintiff's statutory citation is incorrect, the Court assumes Plaintiff is referring to a theft offense under 720 ILCS 5/16-3. The problem with Plaintiff's complaint is that it lacks sufficient factual detail to state a claim. The mere fact that Plaintiff was subjected to a warrantless arrest does not add up to a violation of his rights because such arrests are typically constitutional if supported by probable cause. *Chortek v. City of Milwaukee*, 356 F.3d 740, 745 (7th Cir. 2004) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)).

Without knowing for what offense Plaintiff was arrested or any additional details of what occurred, the Court cannot find that Plaintiff's complaint states a claim. Plaintiff is further advised that to the extent he seeks to pursue a cause of action under 42 U.S.C. § 1983, he must name the individuals involved in the alleged deprivation of his rights and specify how they violated his rights. *Wise v. Kenosha County Sheriff*, 7 C 1150, 2008 WL 714141, at *3 (E.D. Wis. March 14, 2008).

As such, Plaintiff's complaint is dismissed without prejudice. Plaintiff is given leave to file an amended

| STATEMENT |
|---|

complaint. Such complaint should comply with Fed. R. Civ. P. 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is given until May 6, 2011 to file an amended complaint. If he does not do so by then, the case will be dismissed with prejudice for failure to state a claim.

The Court will consider Plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel when his amended complaint is filed. However, the Court cautions Plaintiff that it will not grant his motion for appointment of counsel in its present form because it does not reflect sufficient efforts to find representation. Additionally, Plaintiff's financial affidavit says he is currently unemployed, but provides no information about his prior employment. Such information must be provided in order for the court to consider his motions.