Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2303 | **DATE** | 7/12/2011 |
| **CASE TITLE** | Tyson v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted. His motions to proceed *in forma pauperis* [8] and for appointment of counsel [9] are denied as moot.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

Plaintiff brings the instant lawsuit against the Chicago Police Department, two of its officers, and the Chicago Transit Authority and an employee of that agency. He seeks to proceed *in forma pauperis* and moves for appointment of counsel.

In order to decide whether to grant an *in forma pauperis* petition, the Court must decide: (1) whether the litigant is unable to pay the costs of bringing suit; and (2) whether the suit is frivolous or malicious. 28 U.S.C. §§ 1915(a), (e)(2). The Court previously issued an order dismissing Plaintiff's complaint without prejudice for failure to state a claim. Plaintiff has submitted two amended complaints, but neither solves the problems with his original complaint.

Plaintiff apparently was arrested for a theft offense after the Chicago Transit Authority signed a complaint against him. The exact nature of the allegations is not clear from any of Plaintiff's filings, nor does Plaintiff state whether he was convicted of any offense. He also does not describe, in any detail, how the arrest occurred.

However, Plaintiff's primary complaint appears to be that the statutory citation on the arrest report was incorrect. Plaintiff alleges that the statute cited was "720 ILCS 5.0/16-3-A," which is a charge that does not exist under Illinois law. However, 720 ILCS 5/16-3(a) is the correct citation for a misdemeanor theft of services charge, the charge that presumably would have applied here. Assuming that the statutory citation was incorrect in the arrest report, that does not amount to a violation of Plaintiff's civil rights. The arrest report is not the complaint. Further, even if the statutory citation was incorrect in the complaint, such a mistake would have no effect on the validity of any conviction under either state and federal law as long as the defendant was not prejudicially misled. *United States v. Brumley*, 217 F.3d 905, 913 (7th Cir. 2000); *People v. Posey*, 404 N.E.2d 482, 488 (Ill. App. Ct. 1980). Again, it is not clear here whether Plaintiff was

| STATEMENT |
|---|

ever convicted of any offense.

To the extent Plaintiff complains that he was subjected to a warrantless arrest for a misdemeanor that occurred outside the presence of a police officer, that too is not a violation of his constitutional rights or any rights under Illinois law. *See Brown v. Village of Romeoville*, 407 Fed. App'x 56, 58 (7th Cir. 2011) (noting that Illinois has dispensed with common-law rule that a police officer cannot make a warrantless arrest for a misdemeanor unless the act occurred in his presence).

For these reasons, Plaintiff's complaint is dismissed with prejudice and his motions to proceed *in forma pauperis* and for appointment of counsel are denied as moot.